Robert PAKRUL, Deborah Pakrul, d/b/a Spotless Carpet Cleaners and Janitorial Services, Inc., Plaintiffs-Appellants,

v.

John BARNES, Jan (Argo) Woodby, Century 21 Surety Realty Co., Inc., and Home Federal Savings and Loan Association of Upper East Tennessee, Defendants-Appellees.

Court of Appeals of Tennessee, Eastern Section.

Dec. 30, 1981.

Permission to appeal Denied by Supreme Court April 12, 1982.

C. T. Herndon, IV., of Herndon, Coleman, Brading & McKee, Johnson City, for plaintiffs-appellants.

Jean A. Stanley, of Sherrod & Stanley, Johnson City, for John Barnes.

G. Richard Johnson and M. Stanley Givens, of Myers, Saylor & Johnson, Johnson City, for Home Federal Savings & Loan Ass'n of Upper East Tennessee.

## OPINION

FRANKS, Judge.

This is a suit by a vendee against the vendor and his real estate agents to rescind the purchase of real estate and for incidental and punitive damages based on misrepresentations as to parking facilities and zoning of the property.

At the conclusion of the evidentiary hearing, the chancellor, without a jury, dismissed the suit as to all parties. Plaintiffs have appealed.

The chancellor in his opinion stated:

Robert Pakrul and Debra Pakrul sue John Barnes, Jan Argo now Woodby, Surety Realty Company Century 21, Home Federal of Johnson City, Tennessee. Arising out of a contract to buy property located at 605 Baxter Street in Johnson City. The records show that the Plaintiff, Mr. Robert Pakrul, was looking for a place as an office for his business, which is carpet and janitorial services, cleaning services and that what he wanted was an office from which to work, to interview prospective clients and employees, to store his equipment and materials. That some time prior to engaging in to this contract which is dated 16th of October, '78, that he had seen the property for sale and it was in the hands of Mashburn Realty Company.... The record further shows that the Plaintiff called the Defendant Barnes and inquired about the possibility of renting or leasing the property or the possibility of purchasing the property. That at that time the Defendant Barnes testifies that he told the Plaintiff that he could not use the property for a retail establishment. He had been prohibited from using it himself and nothing further came of that inquiry.... Next we see that Century 21 Surety Realty Company, the Defendant, had its sign on the property when Mr. Pakrul contacted Jan Argo. At this point and time the proof is not clear. Plaintiff testifies that certain things were said and telephone calls were made. Defendant, Jan Argo denies this. The Defendant Barnes denies that a telephone call was made by Miss Argo to him concerning parking. Still it's obvious to anybody looking at the property, there is no parking. In that respect I find that the Plaintiffs fail to carry the burden of proof, relative to the question of parking. Secondly we address ourselves to the question of zoning. The Plaintiffs have been advised apparently by Mr. Barnes ... that there was a problem with this property. He discussed this with Miss Argo but Miss Argo indicated and The Court thinks although she doesn't testify pointedly that she gave an opinion or not. What was the purpose of this contract and what was the purpose of putting in here the condition, that the zoning will allow Spotless Carpet and Janitorial Service to use the building in business office?

... It's obvious to The Court that it was at the insistence of the Plaintiffs and it was for their benefit, because they didn't have to close this contract until they ascertained to their own satisfaction that this property was suitable for their uses.... Then assuming that Miss Argo did make a response that she felt like that it was proper, zoned proper for his use, ... The Court finds that that is a matter of opinion on her part and as such it is not a fact.... The Plaintiff did not go to City Hall and to confirm with the city officials that he could use this property. Of the zoning at the closing, he lost his opportunity when he chose to go ahead and close the property and pay the money, accept the deed without checking. It bothers me that the Plaintiff made a statement to the effect that [if] he didn't get what he wanted he'd sue the City.

While the evidence is sharply disputed, the chancellor observed the witnesses and judged their credibility; the evidence does not preponderate against the findings of fact by the chancellor. T.R.A.P., Rule 13(d).

■ The provision inserted in the offer of purchase at the insistence of plaintiffs immediately after the recitation of the purchase price, is: "... that the zoning will allow Spotless Carpet and Janitoral Service to use above building as business office." This provision was a condition precedent made for the benefit of the purchasers and was subject to their waiver. *Richardson v. Snipes*, 46 Tenn.App. 494, 330 S.W.2d 381 (1959); *Mack v. Hugger Bros. Const. Co.*, 10 Tenn.App. 402 (1929).

■ Plaintiff Pakrul testified Jan Argo, the real estate agent, advised him there had been businesses in the building before and she did not feel there would be a problem getting his business located there. This opinion, as found by the chancellor, does not constitute a fraudulent misrepresentation of fact and basis to rescind the contract of sale. *See Scott v. Wilson*, 15 Ill.App.2d 456, 146 N.E.2d 397 (1957). This case falls within the rule expressed in 91 C.J.S. *Vendor and Purchaser* § 68, at 945–6:

[W]here the means of information are at hand and equally accessible to both parties so that, with ordinary prudence or diligence, they might rely on their own judgment, generally they must be presumed to have done so, or, if they have not informed themselves, they must abide the consequences of their own inattention and carelessness. Unless the representations are such as are calculated to lull the suspicions of a careful man into a complete reliance thereon, it is commonly held, in the absence of special circumstances, that, where the means of knowledge are readily available, and the vendor or purchaser, as the case may be, has the opportunity by investigation or inspection to discover the truth with respect to matters concealed or misrepresented, without prevention or hindrance by the other party, of which opportunity he is or should be aware, and where he nevertheless fails to exercise that opportunity and to discover the truth, he cannot thereafter assail the validity of the contract for fraud, misrepresentation or concealment with respect to matters which should have been ascertained, particularly where the sources of information are furnished and attention directed to them, as, for example, where the source of accurate information is indicated or referred to in the contract.

This rule has been applied by this court. *Claiborne v. Taff*, 10 Tenn.App. 281 (1929).

Plaintiffs were on notice of possible zoning problems for their intended use and had ample opportunity to determine from the proper officials whether their intended use would be in compliance with the zoning laws prior to accepting the deed and closing the transaction but they proceeded to close without inquiry. Moreover, as the chancellor noted, the plaintiff's comment at closing to the effect that he was prepared to litigate with the city on the zoning question infers he did not rely upon any representations by the vendor or his agents as to zoning uses.

We affirm the chancellor's judgment and remand the cause and assess costs against appellants.

SANDERS and GODDARD, JJ., concur.